UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LARRY DUNN | CIVIL ACTION 3-03-2136 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| BURGER KING, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is defendant's motion for summary judgment, Doc. #49, referred to me by the district judge for report and recommendation. Plaintiff sues for damages as the result of an accident at Burger King where, in the course of his employment, he alleges he slipped and fell on Sunday, July 28, 2002. Dunn had gone to Burger King on July 25th to repair a fryer and returned on July 28th to complete the repairs when he says he fell.

Plaintiff filed suit on July 28, 2003. Defendant, Evanston Insurance Company, moves for judgment asserting that the accident could not have occurred on July 28, 2002 and that, therefore, it must have occurred sometime earlier; therefore, it argues, the case is prescribed.

<u>The Law of Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. Little v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment

should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

## Analysis

In support of its motion, defendant argues that Dunn's accident was witnessed by two Burger King employees, Janetra Armstrong and Lasheka Thomas, and that the two did not work together on July 28, 2002. Defendants further show that the last day Thomas worked before going out on maternity leave was July 25th. Defendant attaches the affidavit of Armstrong and the affidavit of a Burger King employee to show that the two did not work together on July 28th.

Plaintiff counters with the deposition testimony of plaintiff and his brother, Bobby Dunn, who both say the accident occurred on July 28th, and the affidavit of plaintiff's spouse who agrees. In addition, plaintiff's mother testified by affidavit that she knows the accident occurred on July 28th because that was her birthday and her son, the plaintiff, could not go out to celebrate with her. In further opposition, plaintiff attaches the medical records of Dr. Randles, the doctor who treated him, and of the Community Health Center, the hospital where he was seen after the

accident. Dr. Randles' records show that plaintiff was seen on August 1, 2002 and complained of falling "last Sunday". The hospital's records on July 30, 2002 show that plaintiff "fell twice last week". Finally, the work records of plaintiff's employer show he was at Burger King on July 28, 2002.

While the medical records of Randles and the hospital are ambiguous as to what "last Sunday" and "last week" mean, the work records and sworn testimony by plaintiff, his mother, spouse, and brother serve to create a genuine issue of material fact as to the date of the accident. This is particularly true in view of the conspicuous absence of any testimony from the witness, Thomas.

For these reasons, IT IS RECOMMENDED that defendant's motion for summary judgment, Doc. 49, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR,**

FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 27th day of February, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE